IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHEVRON PIPE LINE COMPANY,<br><br>    Plaintiff,[1]<br><br>vs.<br><br><br><br>PACIFICORP, d/b/a ROCKY MOUNTAIN POWER,<br><br>    Defendant. | ORDER AND MEMORANDUM DECISION RE: CONTRIBUTION CLAIMS FOR SETTLEMENT PAYMENTS<br><br><br>Case No. 2:12-CV-287-TC |

   In 2010, crude oil from a pipeline owned by Chevron Pipe Line Company (CPL) leaked into Red Butte Creek in Salt Lake City after an electrical arc from Rocky Mountain Power's (RMP) electrical transition station created a hole in the pipeline. Individual residents sued CPL and RMP. CPL and RMP filed claims against each other. Now RMP asks the court to eliminate one category of damages that CPL seeks from RMP: settlement payments to the individual residents. For the reasons set forth below, RMP's motion for partial summary judgment concerning CPL's contribution claim for settlement payments is GRANTED.

## FACTS

   In June 2010, approximately 800 barrels of crude oil in CPL's pipeline leaked into Red

---

[1]Chevron Pipe Line Company and Pacificorp d/b/a Rocky Mountain Power were originally co-defendants and counter/cross-claimants in this suit brought by a group of plaintiffs who have since settled the lawsuit. For the sake of simplicity, the court refers to CPL and RMP respectively as Plaintiff and Defendant.

Butte Creek.  In December 2010, a second release of crude oil occurred.  RMP was not associated with the December release.

Approximately sixty homeowners living along the path of the spill filed claims against CPL for trespass, nuisance, negligence, and breach of contract, and sought payment of damages caused by the June spill and the December spill.  CPL settled with the Homeowners in one lump sum.  In the meantime, CPL filed a counterclaim against RMP alleging negligence, trespass, private nuisance, and violation of the federal Oil Pollution Act (OPA).  Among other damages, CPL seeks reimbursement of some, if not all, of the settlement money on the theory that RMP tortious actions caused the Homeowners' damages.

## ANALYSIS

RMP moves for partial summary judgment on CPL's claim for reimbursement, asserting that CPL's request is a claim for contribution, which is barred by the Utah Liability Reform Act (ULRA), Utah Code Ann. § 78B-5-820.

**Summary Judgment Standard**

A court must grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

CPL contends that RMP's request for partial summary judgment on certain damages arising under separate causes of action is procedurally improper.  The court disagrees.

The plain language of Rule 56 allows a court to grant partial summary judgment on a portion of a claim.  "A party may move for summary judgment, identifying each claim or defense—<u>or the part of each claim or defense</u>—on which summary judgment is sought." Fed. R.

Civ. P. 56(a) (emphasis added); see also Fed. R. Civ. P. 56(g) (authorizing a court to grant partial relief on "an item of damages . . . that is not genuinely in dispute"); <u>Hamblin v. British Airways PLC</u>, 717 F. Supp. 2d 303, 307 (E.D.N.Y. 2010) ("[T]he word 'claim' in Rule 56 is not limited to the theory of liability that a plaintiff asserts.  A theory of liability is useless to a plaintiff without remedies flowing from that claim[.]").  Accordingly, RMP's motion for partial summary judgment on the narrow and discrete damage issue is proper under Rule 56.

**<u>Utah Liability Reform Act</u>**

Citing to the ULRA, RMP contends that CPL may not recover the settlement money paid to the Homeowners.

The ULRA abolished contribution claims.  "'Contribution' is a method for tortfeasors forced to pay damages greater than their proportion of fault to recover from other joint tortfeasors in a separate action." <u>Nat'l Servs. Indus., Inc. v. B.W. Norton Mfg. Co.</u>, 937 P.2d 551, 554 (Utah Ct. App. 1997).  Under the plain language of the ULRA, "[a] defendant is not entitled to contribution from any other person."  Utah Code Ann. § 78B-5-820(2); <u>see also</u> <u>Sanns v. Butterfield Ford</u>, 94 P.3d 301, 307 (Utah Ct. App. 2004) (with the passage of the ULRA, "fault can no longer be apportioned to one defendant with the idea that it may later seek indemnification or contribution from another.").  Instead, the ULRA applies the comparative fault doctrine under which a joint tortfeasor pays only an amount proportionate to its fault.  Utah Code Ann. § 78B-5-818(3) ("No defendant is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant[.]").

CPL asserts that the ULRA does not apply here because CPL did not bring a separate suit for contribution.  According to CPL, the "ULRA's contribution ban applies not to 'claims' but to

3

separate contribution actions that would circumvent the apportionment of fault as between joint tortfeasors under the ULRA." (CPL's Opp'n Mem. at 4, ECF No. 186.) But the purpose of the ULRA is to ban contribution and ensure that a party does not pay more than its fair share of liability. How a party characterizes its claims has no bearing on whether the contribution ban applies. "[W]e must not become mired in semantics or allow parties to circumvent the [the ULRA's] clear ban on contribution suits merely by relabeling their causes of action." Nat'l Servs. Indus., 937 P.2d at 555 (holding that plaintiff's "'reimbursement' and 'indemnification' causes of action . . . are indistinguishable from a contribution suit inasmuch as they seek to redistribute liability based on degree of fault."). The rules of the ULRA apply to CPL's counterclaim against RMP.

The ULRA ban on contribution extends to attempts to recover previously-paid settlement money. See id. at 553, 555-56 (citing the ULRA, the court barred the party's claim to recover damages paid in a separate settlement with tort plaintiffs); Shipley v. Forest Labs., Case No. 1:06-CV-48-TC-DBP, 2014 WL 3563440, at *2 (D. Utah July 18, 2014) ("Defendant cannot obtain any contribution . . . for its damages based on amounts paid in [an earlier] settlement.") (citing the ULRA § 78B-5-820(2)).

The ban also applies to intentional tort damages. Graves v. N.E. Servs., Inc., 345 P.3d 619, 636 (Utah 2015) (interpreting the ULRA and holding that "the statutory principle of apportionment for 'fault' extends to cases involving intentional torts."). Accordingly, damages that CPL paid to the Homeowners for trespass and nuisance may not be recovered from RMP.

CPL's claim for reimbursement of the settlement money is also problematic for practical reasons. The settlement with the Homeowners covered damages associated with the June spill as

well as the December spill. Nothing in the settlement record differentiates between the two, and any attempt to allocate fault to RMP would be based on speculation. Moreover, even if a principled basis existed for dividing and allocating the settlement payment to the June spill on the one hand and the December spill on the other, CPL, by definition, calculated and paid its proportion of fault for each spill. Accordingly, it has no basis for asserting that it overpaid the Homeowners or for redistributing its payment, in whole or in part, to RMP.

For the foregoing reasons, CPL is barred from recovering the settlement damages it paid to the Homeowners.[2]

### ORDER

Rocky Mountain Power's Motion for Partial Summary Judgment on Chevron Pipe Line Company's Contribution Claims for Settlement Payments (ECF No. 180) is GRANTED.

SO ORDERED this 29th day of November, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

---

[2]CPL expressed concern that RMP's motion would negatively affect CPL's Oil Pollution Act claim. Specifically, CPL contends that RMP is improperly asking the court to eliminate CPL's statutory right to contribution under OPA. (See CPL Sur Response at 3, ECF No. 204.)

CPL's concern is unfounded. Nothing in RMP's motion asks the court to bar recovery under OPA. Also, the Homeowners' claims (all tort-based) did not include a claim under OPA. It follows that CPL's claim under OPA has no relation to the damages it paid in its settlement with the Homeowners. Given that CPL's claim for payment of settlement monies is the only damage claim at issue in RMP's motion, OPA has no bearing on the court's ruling. Indeed, the court need not, and does not, make any findings or conclusions concerning CPL's OPA claim against RMP.