IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHEVRON PIPE LINE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP, d/b/a ROCKY MOUNTAIN POWER,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-287-TC |

During a 2010 summer storm in Salt Lake City, an electrical arc from Rocky Mountain Power's (RMP) electrical transition station created a hole in a crude oil pipeline owned by Chevron Pipe Line Company (CPL). Oil leaked into Red Butte Creek and flowed downstream.

Individual residents living along the creek sued CPL and RMP. Then CPL and RMP subsequently filed claims against each other in the same suit.

Now RMP asks the court to eliminate one category of damages that CPL seeks from RMP: settlement payments to the individual residents (the Homeowners). For the reasons set forth below, RMP's motion for partial summary judgment concerning CPL's contribution claim for settlement payments is GRANTED.[1]

---

[1] In November 2016, the court issued an order granting RMP's motion on different grounds. (See Nov. 29, 2016 Order & Mem. Decision Re: Contributions Claims for Settlement Payments, ECF No. 213.) Later, the court decided to revisit that November 2016 Order and requested additional briefing and argument from the parties. (See June 21, 2017 Order, ECF No.

# BACKGROUND

After the June spill, which prompted a sizeable cleanup by CPL, a second release of crude oil occurred in December 2010. RMP was not associated with the December release.

As noted above, after both spills occurred, the Homeowners filed claims against CPL for trespass, nuisance, and negligence,[2] and sought damages caused by both spills. Ultimately, CPL settled with the Homeowners and, as required by their private settlement agreement, paid an undisclosed amount of money to the Homeowners in exchange for dismissal of claims.

In the meantime, CPL filed a counterclaim against RMP alleging negligence, trespass, private nuisance, and violation of the federal Oil Pollution Act (OPA). Among other damages, CPL demanded reimbursement from RMP of some, if not all, of the settlement money on the theory that RMP's tortious acts caused the Homeowners' damages. RMP now moves for partial summary judgment on CPL's claim for reimbursement, asserting that CPL's request is a claim for contribution, which is barred by the Utah Liability Reform Act (ULRA), Utah Code Ann. § 78B-5-820.[3]

---

285; June 30, 2017 Docket Text Order, ECF No. 290; July 5, 2017 Minute Entry, ECF No. 292; Aug. 21, 2017 Second Am. Notice of Hr'g on Mots., ECF No. 308.) Now, given this order and the court's alternate basis for granting RMP's motion, the court VACATES the November 29, 2016 Order and Memorandum Decision Re: Contribution Claims for Settlement Payments, ECF No. 213.

[2]At one point, the homeowners asserted a claim against CPL under the federal Oil Pollution Act (OPA), but they dismissed that claim before settlement was reached.

[3]Although CPL also lists the settlement payment among its damages under OPA, RMP's motion does not bring its motion under OPA. Accordingly, the question of whether the settlement payment is recoverable under OPA is not before the court.

## ANALYSIS

A court must grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In its motion, RMP does not seek judgment on any of CPL's claims. Instead, its request for partial summary judgment focuses exclusively on a line item of CPL's overall summary of damages. CPL, in its opposition, contends that RMP's request for partial summary judgment on certain damages arising under separate causes of action is procedurally improper and would result in an advisory opinion by the court. The court disagrees.

The plain language of Rule 56 allows a court to grant partial summary judgment on a portion of a claim. "A party may move for summary judgment, identifying each claim or defense—<u>or the part of each claim or defense</u>—on which summary judgment is sought." Id. (emphasis added). Damages are part of a claim. See, e.g., Hamblin v. British Airways PLC, 717 F. Supp. 2d 303, 307 (E.D.N.Y. 2010) ("[T]he word 'claim' in Rule 56 is not limited to the theory of liability that a plaintiff asserts. A theory of liability is useless to a plaintiff without remedies flowing from that claim[.]"). Given the flexibility Rule 56 gives the court, and because the settlement payment is a discrete, well-defined portion of CPL's damages claim for damages, the ruling is not advisory and RMP's motion for partial summary judgment is proper under Rule 56.

In its motion, RMP cites to the ULRA to support its contention that CPL may not recover the settlement money paid to the Homeowners because the claim is one for contribution, which the ULRA bars. Although the court agrees that CPL may not recover the payment from RMP, the court does not reach the question about whether the ULRA bars recovery, because a more

3

fundamental basis exists for excluding CPL's recovery of the settlement. Specifically, under Utah law, a party who enters into a private settlement agreement with another may not recover that settlement payment from a third-party. The Utah Supreme Court articulated that rule in Zions First National Bank v. Fox and Company, 942 P.2d 324 (Utah 1997).

In Zions Bank, Plaintiff Zions sued Co-Defendants Fox and Foote and alleged that "but for defendants' negligence," Zions would not have had to pay settlement money to others. Id. at 326. On that basis, Zions sought reimbursement of the settlement money from Fox and Foote. But the Utah Supreme Court held that Zions was not allowed to recover any portion of that settlement.

> Whether we characterize Zions' claim as one for indemnity, partial indemnity, contribution, or negligence, Zions must still show that the conduct of Fox and Foote caused its losses. Those losses, however, can be measured only by the undifferentiated sum Zions paid in settlement [to earlier claimants], including those entirely unrelated to the acts of Fox and Foote.

Id. The Zions Bank court noted that "private settlement negotiations simply do not lend themselves to post-settlement deconstruction." Id. Then it reasoned that a jury would have "no practical way to distinguish, in retrospect, what portion of the settlement payment was attributable to Zions' independent liability and what portion, if any, was caused by the conduct of Fox and Foote." Id. "By forgoing its right to have a trier of fact adjudicate the causation and amount of the [settling plaintiffs' claims] against it, Zions lost the ability to seek an allocation of a portion of those damages to Fox and Foote." Id.

The situation in this case mirrors the situation that arose in Zions Bank. Deconstruction of the lump-sum settlement would not be feasible. The settlement between CPL and the Homeowners resulted in dismissal of all claims against CPL and RMP, including, notably, claims

4

unrelated to RMP's conduct (i.e., the December spill). Moreover, multiple factors often play a role in a decision to settle, including factors that do not track a pure determination of liability or allocation of fault. For example, as RMP notes, the settlement at issue here eliminated "the threat of punitive damages to CPL, a threat that did not exist for RMP[.]" (RMP Reply Mem. Supp. Mot. Partial Summ. J. at 9, ECF No. 193.) That unmeasurable factor makes reconstruction of the private settlement impossible.[4]

CPL attempts to get around that concern by asserting that the settlement did not account for any damages allegedly caused by the December spill and so all of the money paid is attributable to RMP's acts. (See CPL's Mem. Opp'n Mot. Summ. J. on "Contribution Claims" for Settlement Payments at 8, ECF No. 186 (citing Decl. of George M. Haley ¶ 2).) For that reason, it contends, the court must reject RMP's contention that carving out losses attributable to RMP would be impossible. But that assertion does not help CPL. As noted above, the Zions Bank court held that even if the settlement amount could be apportioned on a principled basis, the settling parties' valuation of the separate losses would not bind a jury. See Zions Bank, 942 P.2d at 326 ("Even if they had [itemized the values they accorded to their separate claims], their assessments of the value of losses ultimately attributable to Fox and Foote could not bind a subsequent fact finder."). CPL, by foregoing trial on causation and by settling with the Homeowners without input from RMP, gave up its right to allocate any portion of the settlement to RMP.

---

[4]Counsel for CPL assures the court that CPL did not pay any punitive damages to the Homeowners. (See CPL's Mem. Opp'n Mot. Summ. J. on "Contribution Claims" for Settlement Payments at 8, ECF No. 186 (citing Decl. of George M. Haley ¶ 6).) But that does not change the fact that CPL, by settling, avoided the threat of a jury award of punitive damages.

CPL's other argument—that the ULRA does not apply to its intentional tort claims of trespass and nuisance—fails for the same reason. The rule announced in Zions Bank applies regardless of the theory of recovery under state law and any bar by ULRA. Indeed, the Zions Bank court does not discuss the ULRA. As it said, "[w]hether we characterize Zions' claim as one for indemnity, partial indemnity, contribution, or negligence, Zions must still show that the conduct of Fox and Foote <u>caused</u> its losses." <u>Id.</u> (emphasis added). The rule about recovering a settlement payment does not hinge on whether the party seeks payment under contribution or another tort theory of recovery.

CPL faces the same insurmountable hurdle addressed in <u>Zions</u>. Because CPL did not take the Homeowners' claims to a jury or bring RMP into settlement negotiations, it may not ask the court "to perform what would essentially be an 'autopsy,'" <u>id.</u> at 327, of its settlement.

## **ORDER**

For the foregoing reasons, the November 29, 2016 Order and Memorandum Decision Re: Contribution Claims for Settlement Payments (ECF No. 213) (<u>see</u> n.1, <u>supra</u>) is VACATED, and RMP's Motion for Partial Summary Judgment on CPL's Contribution Claims for Settlement Payments (ECF No. 180) is GRANTED.

SO ORDERED this 6th day of September, 2017.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge